UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WANDA BUFORD,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Assistant Commissioner of the Social Security
Administration,

        Defendant.

Case No. 16-cv-240-pp

_____

**ORDER GRANTING IN PART
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**
_____

      On February 29, 2016, the plaintiff filed a request that the court review the denial of her Social Security Supplemental Security Income and Disability Insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of her motion that the court allow her to proceed with the case without paying the filing fee. Dkt. No. 2. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

      In the affidavit, the plaintiff indicates that she is married, but she does not have any dependents. She indicates that she is not employed, and has no income. Id. at 1. Her husband is employed, and his total gross monthly wages are $2,080. Id. at 2. She owns one vehicle that she values at $1,000. Id. at 3. She has a nominal balance in her bank account. Id.

1

As for expenses, the plaintiff lists a rent payment of $835 per month, credit card payments of $250 and household expenses totaling $500.

Thus, the plaintiff's household has a net income of $2,080 per month, minimal additional assets, and expenses of $1,585 per month. The court concludes from this information that the plaintiff has demonstrated that she cannot pay the full amount of the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In her complaint, the plaintiff asserts that the ALJ (1) partially summarized the Commissioner's two-step standard for the evaluation of credibility, but did not apply those standards to his decision, (2) was under a duty to evaluate the credibility of the testimony and written submissions as to her complaints of pain and other symptoms, but failed to adequately explain the extent to which he found the plaintiff to be credible, (3) played doctor by substituting his own medical assessment of objective medical findings in determining that the plaintiff's allegations of pain and limitations conflict with

2

the objective medical evidence, and (4) failed to establish that the plaintiff has the capacity for regular sustained work, eight hours a day, five days a week. Dkt. No. 1 at 2-4.

Based on the allegations of the complaint, the court finds that the plaintiff has stated a claim that the Commissioner's decision denying the plaintiff's application for benefits is not supported by substantial evidence, or is contrary to law. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2) is **GRANTED IN PART**, to the extent that the court will allow her to proceed *in forma pauperis* upon payment of a filing fee of **$200** to the district court clerk; the court will **WAIVE** the remaining $200 balance. The court **ORDERS** the plaintiff to pay the $200 filing fee to the clerk of the district court on or before **July 5, 2016**.

The court advises the plaintiff that if she does not pay the $200 filing fee as described above on or before the deadline, the court may dismiss the case without prejudice. If the plaintiff does not want to pay the $200 filing fee, the plaintiff must, **on or before July 5, 2016**, file a letter with the Clerk of Court, stating that the plaintiff does not wish to prosecute the case. If the plaintiff writes such a letter by that deadline, the court will dismiss the case without prejudice.

Dated in Milwaukee, Wisconsin this 23rd day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge